# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

SHAN FIELDS,
Reg #09070-010                                                                                              PLAINTIFF

V.                                        5:11CV00190 BSM/JTR

RAY HOBBS, Director,
Arkansas Department of Correction, et al.                                            DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian S. Miller.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the

United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## I. Introduction

Plaintiff, Shan Fields, is a prisoner in the Federal Correctional Institution in Yazoo City, Mississippi. In this § 1983 action, he alleges that Defendants violated his constitutional rights while he was a prisoner in the Arkansas Department of Correction ("ADC"). Pursuant to the screening function mandated by 28 U.S.C. § 1915A, the

Court recommends that the case be dismissed, without prejudice, for failing to state a claim upon which relief may be granted.[1]

## II. Plaintiff's Allegations

In 1992, Plaintiff was convicted of murder and sentenced to 40 years in the ADC. *See* docket entries #3, #5, #6, #7, #8, #9, and #14. On March 2, 2006, he was released on parole. *Id.*

On September 24, 2008, Plaintiff was arrested for being a felon in possession of a firearm, battery, and violating his parole. *Id.* On September 29, 2008, Plaintiff's parole on the 1992 murder conviction was revoked, and he was sentenced to six

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

The Court is mindful that, when making this determination, the court must "accept as true all factual allegations in the complaint, [while] giving no effect to conclusory allegations of law." *Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007). Importantly, the complaint must "assert facts that affirmatively and plausibly suggest," "above the speculative level," that the plaintiff is entitled to relief and mere conclusions or a "formulaic recitation of the elements of a cause of action will not do." *Stalley,* 509 F.3d at 521; *see also Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007) (abrogating the "no set of facts" standard set forth in *Conely v. Gibson*, 355 U.S. 41, 45-46 (1957)). Nevertheless, in *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), the Supreme Court emphasized that a *pro se* prisoner's § 1983 complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers."

months in the ADC. *See* docket entry #14.

On December 21, 2009, Plaintiff was convicted, in federal court, of being a felon in possession of a firearm. *See* docket entry #3, Ex. FF. As punishment, he was sentenced to 57 months in federal prison, to be served "*consecutively* to any undischarged term of imprisonment being served" on the state parole revocation. *Id.* (emphasis in the original).

On February 26, 2010, Plaintiff was convicted, in state court, of battery. *See* docket entry #3, Ex. AA. As punishment, he was sentenced to 96 months in the ADC, with 48 months suspended. *Id.* Importantly, the court clarified that the state battery sentence was to run concurrently with the federal felon in possession sentence. *Id.* According to Plaintiff, the state court also ordered that he was to serve his concurrent state battery and federal felon in possession sentences in federal – not state – prison. *See* docket entry #3.

Nevertheless, sometime thereafter, Plaintiff was taken to the ADC. *Id.* On August 26, 2010, the ADC released Plaintiff, on parole, due to overcrowding. *See* docket entry #14. At that time, Plaintiff was taken to FCI-Yazoo City, where he is currently incarcerated.

### III. Discussion

**A.     Plaintiff's Claim Regarding His 2010 Confinement in the ADC**

Plaintiff alleges that Defendants violated his constitutional rights, in 2010, when they refused to immediately transfer him to a federal prison to serve his concurrent state battery and federal felon in possession sentences. It is well settled that a prisoner does not have a constitutional right to be held in the prison of his choosing. *Olim v. Wakinekona*, 461 U.S. 238, 245-48 (1983); *Rouse v. Benson*, 193 F.3d 936, 940 (8th Cir. 1999); *Goff v. Burton*, 91 F.3d 1188, 1191 (8th Cir. 1996). Thus, he has failed to state a viable § 1983 claim in regard to where he served his concurrent federal and state sentences.

**B.     Plaintiff's Claim Regarding a Delay in His 2010 Parole**

Although it is unclear, Plaintiff appears to be alleging that Defendants violated his due process rights by improperly delaying their decision to grant him parole, in August of 2010, on the battery conviction.[2] It is well settled that a prisoner has no liberty interest in being granted parole. *Greenholtz v. Inmates of the Neb. Penal and Corr. Complex*, 442 U.S. 1, 9-11 (1979); *Persechini v. Callaway*, __ F.3d __, 2011 WL 3477187 at *4 (8th Cir. 2011) (slip opinion to be published). Thus, he has failed

---

[2] Importantly, Plaintiff has clarified that he is *not* alleging that his due process rights were violated during his 2008 parole *revocation* proceedings. *See* docket entry #14.

to state a viable § 1983 claim regarding his 2010 parole.

**C.     Plaintiff's Claim Regarding the Miscalculation of his State Sentences**

Plaintiff also argues that Defendants miscalculated the time he was required to serve on his 2008 parole revocation and his 2010 state battery conviction. He further contends that Defendants' error is improperly lengthening his federal sentence and postponing his projected release date from federal prison. By way of relief, Plaintiff seeks the recalculation of his state and federal sentences, an earlier release date, and monetary damages.

Challenges to the duration of a sentence must be brought in a habeas action, and not a § 1983 action. *Edwards v. Balisok,* 520 U.S. 641, 645-47 (1997); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Williams v. Hopkins*, 130 F.3d 333, 335 (8th Cir. 1997). This holds true even when a prisoner seeks monetary damages, in lieu of or in addition to a speedier release. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

Thus, a prisoner cannot proceed with a § 1983 claim regarding the duration of his sentence *until after* he has obtained a "favorable termination" on that issue in either a state or federal habeas action. *Id; Entzi v. Redmann*, 485 F.3d 998,1003 (8th Cir. 2007) (dismissing a former prisoner's § 1983 action regarding the miscalculation of his sentence because he had not obtained a favorable termination on that issue in a state or federal habeas action); *Harris v. McSwain*, Case No. 11-1320, 2011 WL

1770457 (8th Cir. May 9, 2011) (unpublished opinion) (allowing a former prisoner to proceed with a § 1983 action regarding the miscalculation of his sentence because a state court had already determined, in a habeas action, that his sentence had been erroneous extended by fourteen months).

In this case, Plaintiff has *not* obtained a favorable termination regarding the duration of his sentences from either a state or federal habeas court.[3] Thus, he cannot proceed, at this time, with a § 1983 claim.

### III. Conclusion

---

[3] Plaintiff's release from the ADC custody may make it impossible for him to obtain habeas relief regarding the calculation of his *state sentences*. However, the Eighth Circuit has held that *Heck's* "favorable termination" rule applies even if habeas relief is no longer available to the prisoner. *See Entzi*, 485 F.3d at 1003 (holding that a former prisoner could not proceed with a § 1983 claim for damages regarding the miscalculation of his sentence even though his release from prison made it impossible to obtain a favorable termination from a habeas court); *see also Heck,* 512 U.S. at 490 (explaining that "the principle barring collateral attacks – a longstanding and deeply rooted feature of both the common law and our own jurisprudence – is not rendered inapplicable by the fortuity that a convicted criminal is no longer incarcerated").

However, because Plaintiff is still in federal custody, he should be able to file a § 2241 habeas petition – in the appropriate *Mississippi* federal court – challenging the calculation of the *federal sentence* he is currently serving. *See Matheny v. Morrison,* 307 F.3d 709, 711 (8th Cir. 2002) (explaining that a challenge to the validity of a federal sentence must be brought in a § 2255 petition filed with the sentencing court; while a challenge to the *execution or calculation* of a federal sentence must be brought in a § 2241 petition filed in the *court of incarceration*).

IT IS THEREFORE RECOMMENDED THAT:

1. This case be DISMISSED, WITHOUT PREJUDICE, for failing to state a claim upon which relief may be granted.

2. Dismissal CONSTITUTE a "strike," as defined by 28 U.S.C. § 1915(g).

3. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommended Disposition would not be taken in good faith.

Dated this 13th day of October, 2011.

_____
UNITED STATES MAGISTRATE JUDGE